UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 10-cv-61849-AJ

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, a foreign corporation,

        Plaintiff,

v.

ALLIED MORTGAGE AND FINANCIAL
CORPORATION, a Florida corporation, et al.

        Defendants.

_____/

## DEFENDANTS' DIANE LEJEUNE, DANIELLE LEJEUNE AND JEAN-PIERRE LEJEUNE ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, DIANE LeJEUNE, DANIELLE LeJEUNE and JEAN-PIERRE LeJEUNE (the

"LeJeunes"), by and through undersigned counsel and pursuant to applicable Rules of Procedure,

hereby file their Answer to Plaintiff's Amended Complaint, as follows:

1.      Without knowledge.

2.      Admitted.

3.      Admitted.

4.      Admitted.

5.      Without knowledge; not applicable to the LeJeunes.

6.      Admitted; Jean Pierre and Diane LeJeune are residents of Monroe County and

Danielle LeJeune is a resident of Broward County.

7.      Admitted.

8.      Without knowledge.

9.      Admitted.

10.     Denied.  Specifically,  the Mortgage Bankers endorsement, paragraph 1, PIIC-00042 provides coverage for the origination, sale, and servicing of mortgage loans.  The gravamen of Count II of LeJeune's complaint is that Allied Mortgage and Financial Corporation failed to properly originate their investments with Allied in that Allied failed to provide the LeJeunes with promissory notes, or any other documentation evidencing the security for the indebtedness.  Allied is not immune from its negligence in failing to provide the LeJeunes promissory notes, mortgage instruments, written offerings, and other necessary documentation reflecting Allied's indebtedness to the LeJeunes simply because they may now be unable to pay.  Plaintiff attempts to avoid coverage by mischaracterizing the allegations in plaintiff's complaint.  Allied received income and/or compensation, as it did not service the LeJeunes' investment gratuitously.  Furthermore, Allied failed to properly originate the LeJeune investment and mortgage, failed to remit principal and interest to the LeJeune investors, all of which are acts covered under the Mortgage Banker endorsement.

11.     Without knowledge as this paragraph does not apply to the LeJeunes.

12.     Admit that the LeJeunes asserted various torts and statutory claims.  However, Plaintiff has mischaracterized the LeJeune complaint as to Allied.  Specifically, the LeJeunes alleged that Allied failed to originate their loan documents and/or mortgages with respect to the investments that were transferred from Affiliated to Allied.

13.     Denied; Allied had a responsibility as a professional mortgage servicer to document investors' funds, to properly originate the LeJeune loans and mortgages, and to evidence those loan and mortgages with appropriate promissory notes.  Allied was negligent in failing to do so, and this is the gravamen of Count II of the LeJeune Amended Complaint.

14.     Denied.  The LeJeune claims against Allied should be covered under the Mortgage banker endorsement.

15.     Without knowledge as to the exact date of issuance and delivery, but the LeJeunes have no reason to believe that this is not an accurate copy of the policy.

16.     Admitted to the extent that the language in the complaint tracks the language of the policy.

17.     Admitted to the extent that the language in the complaint tracks the language of the policy.

18.     Admitted to the extent that the language in the complaint tracks the language of the policy.

19.     Admit that the policy contains language excluding certain coverage, but denied that coverage is excluded as to the LeJeunes, where portions of the policy provide coverage.  The LeJeunes have alleged the failure to properly originate their loans to Allied, for which the policy provides coverage.

20.     Admitted to the extent that the language in the complaint tracks the language of the policy.

21.     Without knowledge.

22.     Without knowledge.

23.     Without knowledge.

24.     Without knowledge.

25.     Admitted.

26.     Admitted.

27.   Without knowledge.

28.   Without knowledge.

29.   The LeJeunes adopt their previous responses.

30.   Without knowledge.

31.   Without knowledge.

32.   Without knowledge.

33.   Without knowledge.

34.   Without knowledge.

35.   Without knowledge.

36.   Without knowledge.

37.   Without knowledge.

38.   Without knowledge.

39.   Without knowledge.

40.   The LeJeunes adopt their previous responses.

41.   Denied.

42.   Without  knowledge as to the checklist.  The LeJeunes have alleged that Allied was negligent in failing to originate their investments/loans that were to be secured by real property. They have also alleged that Allied failed to properly originate their interest in a pool of mortgage loans.  Allied was also negligent in failing to collect mortgage loan payments and/or remit principal and interest to the LeJeune investors.

43.   Denied.  Allied received LeJeune monies from Affiliated  to be invested in real estate mortgages.  Whether these funds were obtained from a stockbroker selling Microsoft or Coca-Cola

rather than Affiliated makes no difference to the analysis.

44.     Denied; coverage should be provided for the LeJeune claims.

45.     Denied.

46.     Denied. This paragraph of Plaintiff Amended Complaint is inaccurate.  See paragraph 39 of Exhibit "C" ("LeJeune Amended Complaint") to Plaintiff's Amended Complaint.  Doug Jacobs solicited from the LeJeunes an e-mail authorizing the transfer of the LeJeune funds from Affiliated to Allied.  Paragraph 40 of the LeJeune Amended Complaint states that appropriate paperwork would follow.  No such paperwork was ever received by the LeJeunes.  Paragraph 43 of the LeJeune Amended Complaint states that Doug Jacobs was negligent in failing to provide the LeJeunes with documentation to protect their interest, such as promissory notes. Clearly, the gravamen of count II of plaintiff's complaint is the negligence of Allied in failing to originate the notes and mortgage which secured the LeJeunes investment in Allied, all of which is covered under the policy.

47.     Denied.  The LeJeune are masters of their complaint, not Plaintiff, and Plaintiff's mischaracterizations should be rejected.

48.     Denied.   Some claims may be excluded, but other claims should be afforded coverage.

49.     Without knowledge.

50.     Without knowledge.

51.     Without knowledge.

52.     Denied.  There are no allegations of theft or conversion.

53.     Denied.  Plaintiff may recover on counts which are covered and therefore this Court

should require Plaintiff to provide a defense to Allied before it can determine that there is not a duty to indemnify.

54.     Denied.  There should be coverage under the policy under Plaintiff's duty to defend.

55.     Denied.

All wherefore clauses are specifically denied.

<u>Affirmative Defenses</u>

The LeJeunes respectfully reserve their right to add Affirmative Defenses as the same are discovered and within the time for amendments to pleadings permitted by this Court.

<u>Demand for Jury Trial</u>

The LeJeunes demand a trial by jury of all issues so triable.

Respectfully submitted,

LAW OFFICES OF ROBERT A. ADER, PA
Bank of America Tower, Suite 3550
100 S.E. 2nd Street
Miami, Florida  33131
Telephone: (305) 371-6060
Facsimile: (305) 358-5917

By: _s/  Robert Ader_____
        ROBERT ADER
        Florida Bar No.  335126
        ELIZABETH B. HITT
        Florida Bar No. 176850

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served

via electronic service CM/ECF this 13th day of December 2010 on:

Valerie Shea, Esq.
Sedgwick, Detert, Moran & Arnold LLP
2400 E. Commercial Blvd., Suite 1100
Ft. Lauderdale, FL  33308
(954) 958-2500

Scott Jay Feder, Esq.
4649 Ponce De Leon Blvd.
Suite 402
Coral Gables, FL  33146
Scottj8@aol.com
(305) 669-0060 Telephone
(305) 669-4220 Facsimile

Jeremy Koss, Esq.
Koss, Jacobs & Zilber, P.A.
13680 NW 5th Street
Suite 100
Sunrise, FL  33325
(305) 807-4801

7

jeremyakoss@aol.com

s/ Robert Ader_____